■ The People of the State of New York, Respondent, v. Alfonso Palma, Appellant.— Appeals (1) from judgments of the County Court, Kings County, convicting appellant, on separate indictments consolidated for purposes

of trial, of unlawful sale of narcotics and of unlawful possession of narcotics with intent to sell (Penal Law, § 1751, subds. 1, 2) and sentencing him as a second felony offender to serve from 12 to 30 years on each indictment, the sentences to run concurrently, and (2) from each and every intermediate order therein made. Judgments affirmed. No opinion. No separate appeal lies from the intermediate orders which have been reviewed on the appeals from the judgments of conviction. Nolan, P. J., Wenzel, Hallinan and Kleinfeld, JJ., concur; Ughetta, J., dissents and votes to reverse the judgments and to order a new trial, with the following memorandum: Appellant was convicted, on two indictments, of the sale and possession of narcotics and sentenced as a second felony offender to serve from 12 to 30 years. The prime question is whether one Swanston (to whom the sale was made) was an accomplice whose testimony required corroboration. The court charged that as a matter of law he was not. Appellant was a distributor of nearly pure heroin; Swanston purchased this from him and "chopped" or "cut" it and resold it. This was with the knowledge of both. The particular transaction on which the indictments were based arose from these facts: The police had raided Swanston's apartment and had found heroin. They then went to a bar where Swanston telephoned appellant and asked for more of the "stuff". Appellant told one Diaz to take the "stuff" and secrete it in a certain place, where he met Swanston. The police were there and arrested appellant before he could deliver the "stuff" to Swanston. I fail to see any material distinction between the facts in this case and those in *People* v. *Malizia* (4 N Y 2d 22). Respondent attempts to distinguish on the ground that in the *Malizia* case the purchaser for resale was not to pay for the drug in advance, but only after it had been resold, which made the parties both principals. Here, payment was made in advance. Nonetheless, appellant knew that he was selling the drugs to one who intended to resell them, not use them himself. There is no real distinction.